■ RALPH V. TWIDDY, JR., et al., Appellants, v STANDARD MARINE TRANSPORT SERVICES, INC., et al., Defendants, and NEW ENGLAND MERCHANTS FUNDING CORPORATION, Respondent. [599 NYS2d 243] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 22, 1992, which granted defendant-respondent's motion for summary judgment dismissing the complaint under the Jones Act (46 USC, Appendix § 688), unanimously affirmed, with costs.

Plaintiff, captain of a barge transporting sludge, was severely injured when an allegedly faulty light switch caused the barge to explode. Under the Jones Act, an employer of seamen, and in some circumstances, the owner of the vessel, may be liable to a seaman injured in the course of his employment. Plaintiff claims here that the mortgagee of the vessel is also liable.

In order for a mortgagee, not the holder of an equitable title, to be held to be the employer for Jones Act purposes, the mortgagee must exercise exclusive actual control over the vessel's operations. Plaintiff has failed to establish that defendant New England had such control over the myriad details of operating the vessel as to establish a relationship sufficient to bring it within the ambit of the Act (Fitzgerald v Burbank & Co., 451 F2d 670, 677). Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.